IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN STEVEN MCBRIDE                                                                                           PLAINTIFF

v.                                               Civil No. 4:17-cv-4017

CORPORAL T. HANNING, Miller County
Detention Center (MCDC); OFFICER
SHOUMAKER, MCDC; and DISCIPLINARY
OFFICER K. WATSON, MCDC                                                                              DEFENDANTS

**ORDER**

Before the Court is Plaintiff John Steven McBride's failure to obey an order of the Court and failure to keep the Court informed of his address.

On March 21, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). That same day, the Court entered an order advising Plaintiff that he must inform the Court of any change of address, and that failure to do so could subject his case to dismissal. (ECF No. 3). The order was not returned as undeliverable.

On January 18, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 18). The following day, the Court entered an order directing Plaintiff to file a response to Defendants' motion on or before February 9, 2018. (ECF No. 21). Plaintiff was advised in the order that failure to respond within the required period of time would subject this case to dismissal. The order was not returned as undeliverable. To date, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment.

On February 27, 2018, the Court issued an order to Plaintiff to show cause by March 13, 2018, as to why he failed to file a response to Defendants' Motion for Summary Judgment. Plaintiff was advised in the order that failure to show cause would result in this case being dismissed for failure to obey a court order. (ECF No. 22). On March 9, 2018, the order to show cause was returned to the

Court as undeliverable with no new address available. (ECF No. 23). To date, Plaintiff has not provided the Court with a change-of-address notice.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in relevant part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey a Court order and has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of March, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge